UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00015-GNS-HBB

DARON GREGORY                                                            PLAINTIFF

v.

GARY TEAGUE and
MR. BULTS, INC.                                                   DEFENDANTS

## MEMORANDUM OPINION & ORDER

Plaintiff Daron Gregory ("Gregory") has filed a Motion to Remand/Transfer to State Court (DN 33), to which Defendants Gary Teague and Mr. Bults, Inc. ("Defendants") have no objection (DN 34). Notwithstanding the parties' agreement, the Court **DENIES** the motion.

### I. BACKGROUND

Gregory filed a Complaint on January 28, 2014, alleging that he was injured a in motor vehicle accident on August 16, 2012, while riding as a passenger in car driven by Aaron Morris ("Morris"). (DN 1 at 1-2). He further alleges that the Morris's car was struck by a tractor-trailer driven by Gary Teague ("Teague") in the course of his employment with Mr. Bults, Inc. (DN 1 at 2). Gregory names Mark Herrera ("Herrera") as the driver of the vehicle in front of Teague. (DN 1 at 2). Gregory further states that Herrera slowed down to avoid a collision with road debris, and Teague's negligence in swerving to avoid Herrera resulted in the collision. (DN 1 at 2).

On August 13, 2014, with leave of Court, Defendants filed a third-party complaint naming Herrera and Morris as third-party defendants (DN 20). In his Answer, Morris asserted a counter-claim against Defendants and a cross-claim against Herrera. (DN 30). On January 13, 2015, Gregory filed a Motion to Remand/Transfer to State Court. (DN 34). Defendants filed a

Response stating that they have no objection to the motion. (DN 36). Morris did not respond to Gregory's motion. Gregory has not asserted any claims against Morris, nor has Gregory sought leave to amend his Complaint to add Morris as a defendant.

## II. JURISDICTION

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different states." 28 U.S.C. § 1332. In his Complaint, Gregory asserts that "the parties are all citizens of different states, and the amount in controversy far exceeds $75,000.00."[1] (DN 1 at 1). Accordingly, the Court has jurisdiction over this matter.

## III. DISCUSSION

A federal court "may transfer any civil action to any other *district or division* where it might have been brought or to any *district or division* to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). The emphasized language is limiting: this Court may only transfer within the federal court system. This Court may also "transfer [a case in the wrong division or district for the purpose of venue] to any *district or division* in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). The same limiting language appears: the Court may only transfer within the federal courts. Accordingly, "[t]ransfer of this action to a state court is clearly prohibited by §§ 1404(a) and 1406(a)." *Bingham v. Pancake*, No. 5:09-CV-00095, 2011 WL 1134258, at *1 (W.D. Ky. Mar. 25, 2011) (citations omitted). *See also In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, No. 2:11-189-DCR, 2012 WL 767597, at *3 (E.D. Ky. Mar. 8, 2012) ("[A] federal court cannot transfer a case to state court." (citing *Bingham*, 2011 WL 1134258, at *1)).

---

[1] More particularly, Gregory alleges that he is a resident of Kentucky, Teague is a resident of Tennessee, and Mr. Bults is a resident of Illinois. (DN 1 at 1).

The Court could not find any case law for the proposition that a court may remand an action to a state court in which it never originated. In fact, the definition of "remand" suggests that the opposite is true. Black's Law Dictionary defines "remand" as "[t]he act or an instance of sending something (such as a case, claim, or person), *back* for further action." Black's Law Dictionary (9th ed. 2009) (emphasis added). There is no state court to which this Court could send this matter *back*, and thus there is no recipient court if this Court were to attempt to remand this action. Thus, regardless of whether Gregory characterizes his motion as a request to remand or transfer to state court, the outcome is the same—this Court lacks the power to do so.

As grounds for his motion, Gregory outlines his "[fear] that further proceedings in this case, including any possible judgement, could be subject to a collateral attack on appeal that this Court lacks jurisdiction." (DN 34-1 at 2). This fear stems from Defendants' impleader of Morris, who is a Kentucky resident, as is Gregory. (DN 34-1 at 2). In support of his motion, Gregory relies upon *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978).

In *Owen*, the plaintiff asserted a state-law tort claim against a third-party defendant that lacked any independent basis for federal jurisdiction, including diversity jurisdiction as the plaintiff and the third-party defendant were both citizens of Iowa. *Owen Equip. & Erection Co.*, 437 U.S. at 367, 369. The lawsuit between the plaintiff and the defendant was then resolved via a motion for summary judgment, during the pendency of which the court granted the plaintiff leave to amend her complaint to add the third-party defendant as a defendant. *Id.* at 367-68. The Supreme Court held that the district court lacked jurisdiction over plaintiff's lawsuit against the new defendant (previously third-party defendant), because there must be an independent basis for federal jurisdiction in such a circumstance. *Id.* at 377.

The Court noted two reasons that this situation differed from other situations in which supplemental jurisdiction (then called ancillary jurisdiction) is sufficient. *Id.* at 376. The first is that the claim in *Owen* "was simply not ancillary to the federal one in the same sense that, for example, the impleader by a defendant of a third-party defendant always is. . . . [It] was entirely separate from [the plaintiff's] original claim. . . . Far from being an ancillary and dependent claim, it was a new and independent one." *Id.* The second is that:

> [T]he nonfederal claim here was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in a federal court. By contrast, ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court.

*Id.*

The facts of *Owen* are inapposite. First, Gregory has not asserted a claim against Morris. There is no new claim by Gregory to evaluate to determine whether the claim is ancillary and dependent, or new and independent. Second, the Supreme Court expressly noted that the circumstance of an "impleader by a defendant of a third-party defendant" is different from *Owen*, which alerts this Court that a different outcome is warranted. Finally, the new claims are only asserted by "defending part[ies] haled into court against [their] will or by another person," which, again, the Supreme Court highlighted as a different scenario than the one addressed in *Owen*.

Further authority from two circuits supports this Court's conclusion that a defendant in a diversity suit may implead a non-diverse third-party defendant without impacting diversity. *Z & B Enters., Inc. v. Tastee-Freez Int'l, Inc.*, 162 F. App'x 16, 20 (1st Cir. 2006) ("Plaintiff is correct that TFI could implead ATF and JF as third-party defendants without breaking this court's diversity jurisdiction even though plaintiffs, ATF, and JF are all citizens of Puerto

4

Rico."); *Wash. Hosp. Ctr. Nat'l Rehab. Hosp. v. Collier*, 947 F.2d 1498, 1500 (D.C. Cir. 1991) ("Thus, as in this case, the original defendant in a diversity suit could implead a non-diverse third-party defendant that was arguably liable to the third-party plaintiff 'for all or part of the [original] plaintiff's claim against the third party.'" (citation omitted)). Thus, in light of the fact that this case is inapposite to *Owen*, and in light of the mentioned persuasive authority, the Court finds that it does retain jurisdiction of this matter.[2]

## IV. CONCLUSION

For the forgoing reasons, Gregory's Motion to Remand/Transfer to State Court (DN 34) is **DENIED**.

Greg N. Stivers, Judge
United States District Court

cc: counsel of record

March 25, 2015

---

[2] The Court notes that if Plaintiff were to assert a claim against Morris, diversity would be destroyed and this Court would no longer have jurisdiction. *See Curry v. U.S. Bulk Transport, Inc.*, 462 F.2d 536, 540 (6th Cir. 2006).